IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2015

## STATE OF TENNESSEE v. AURELIO GARCIA SANCHEZ

**Appeal from the Criminal Court for Macon County**
**No. 2012CR13      David Earl Durham, Judge**

_____

**No. M2014-01997-CCA-R3-CD – Filed December 4, 2015**

_____

THOMAS T. WOODALL, J., concurring.

First, I concur in Judge Holloway's separate opinion, and with the results reached in the lead opinion. Second, I write to remind both the State and the defense bar that under binding precedent from our supreme court that "[s]imply stated, polygraph evidence is inadmissible." *State v. Sexton*, 368 S.W.3d 371, 409 (Tenn. 2012). The results of polygraph examinations are inherently unreliable, they are thus not probative, and they lack relevance. A defendant's willingness or refusal to take a polygraph test is not admissible. *Id*. The trial court should have *sua sponte* ruled that all evidence of the polygraph examination in this case must be excluded. I know of no exception to the rule of inadmissibility of such evidence. Whether the threat or use of a polygraph examination might someday be argued by a defendant as evidence of an involuntary statement or as evidence of coercion, and thus be an exception to the rule of inadmissibility, is not raised in this case.

All this being said, I fail to see in this case how the erroneous admission of evidence of the polygraph examination during the suppression hearing affected the issue before the trial court – whether the statements made by Defendant should have been suppressed. Accordingly, I too believe that the judgments must be affirmed.


_____
THOMAS T. WOODALL, PRESIDING JUDGE